UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| ON DECK CAPITAL, INC., NOAH BRESLOW, DANIEL S. HENSON, CHANDRA DHANDAPANI, BRUCE P. NOLOP, MANOLO SANCHEZ, JANE J. THOMPSON, RONALD F. VERNI, NEIL E. WOLFSON, ENOVA INTERNATIONAL, INC., and ENERGY MERGER SUB, INC., ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 28, 2020 (the "Proposed Transaction"), pursuant to which On Deck Capital, Inc. ("On Deck" or the "Company") will be acquired by Enova International, Inc. ("Parent") and Energy Merger Sub, Inc. ("Merger Sub," and together with Parent, "Enova").

2. On July 28, 2020, On Deck's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Enova. Pursuant to the terms of the Merger Agreement, On Deck's stockholders will receive 0.092 shares of Parent common stock and $0.12 in cash for each share of On Deck

common stock they own.

3. On August 25, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of On Deck common stock.

9. Defendant On Deck is a Delaware corporation and maintains its principal executive offices at 1400 Broadway, 25th Floor, New York, New York 10018. On Deck's common stock is

traded on the New York Stock Exchange under the ticker symbol "ONDK."

10. Defendant Noah Breslow is Chief Executive Officer and a director of the Company.

11. Defendant Daniel S. Henson is a director of the Company.

12. Defendant Chandra Dhandapani is a director of the Company.

13. Defendant Bruce P. Nolop is a director of the Company.

14. Defendant Manolo Sanchez is a director of the Company.

15. Defendant Jane J. Thompson is a director of the Company.

16. Defendant Ronald F. Verni is a director of the Company.

17. Defendant Neil E. Wolfson is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of On Deck (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of July 24, 2020, there were approximately 58,921,292 shares of On Deck common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

28. On Deck offers a range of term loans and lines of credit customized for small business owners. The Company also offers bank clients a technology and services platform that facilitates online lending to small business customers through ODX, a wholly-owned subsidiary.

29. On July 28, 2020, On Deck's Board caused the Company to enter into the Merger Agreement with Enova.

30. Pursuant to the terms of the Merger Agreement, On Deck's stockholders will receive 0.092 shares of Parent common stock and $0.12 in cash for each share of On Deck common stock they own.

31. According to the press release announcing the Proposed Transaction:

Enova International (NYSE: ENVA) and OnDeck® (NYSE: ONDK), today announced that they have entered into a definitive agreement under which Enova will acquire all outstanding shares of OnDeck in a cash and stock transaction valued at approximately $90 million. The implied price of $1.38 per OnDeck share reflects a 43.6% premium to its 90-day volume weighted average price and a 90.4% premium based on the closing price of $0.73 per OnDeck share on July 27, 2020. . . .

Transaction Details

The transaction is valued at approximately $90 million, of which $8 million will be paid in cash. Under the terms of the agreement, OnDeck shareholders will receive $0.12 cents per share in cash and 0.092 shares of Enova common stock for each share of OnDeck held.

Upon completion of the transaction, OnDeck shareholders will own approximately 16.7% of the combined entity, with Enova shareholders owning approximately 83.3%.

The transaction has been unanimously approved by the boards of directors of both companies and is subject to OnDeck shareholder approval and HSR approval, along with customary closing conditions. The transaction is expected to close this year.

Board and Management

Mr. David Fisher will continue to lead the combined company. Mr. Noah Breslow will join the company as Vice Chairman and serve on the Enova management team.

Advisors

Jefferies LLC is acting as exclusive financial advisor to Enova, and Vedder Price P.C. is acting as its legal advisor. Evercore is acting as financial advisor to OnDeck and Kirkland & Ellis LLP is acting as its legal advisor.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

32. Defendants filed the Registration Statement with the SEC in connection with the

Proposed Transaction.

33. As set forth below, the Registration Statement omits material information.

34. First, the Registration Statement omits material information regarding the Company's and Enova's financial projections.

35. With respect to the Company's financial projections, the Registration Statement fails to disclose EBITDA and all underlying line items.

36. With respect to Enova's financial projections, the Registration Statement fails to disclose all line items used to calculate EBITDA.

37. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

38. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Evercore Group L.L.C. ("Evercore").

39. With respect to Evercore's Selected Public Company Trading Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

40. With respect to Evercore's Dividend Discount Model Analysis for On Deck, the Registration Statement fails to disclose: (i) the potential dividends used in the analysis; (ii) the terminal values used in the analysis; (iii) the estimated total assets, tangible common equity, and net income used in the analysis; (iv) Evercore's basis for applying a range of price to next twelve months ("NTM") net income multiples of 4.0x to 8.0x; and (v) the individual inputs and assumptions underlying the range of discount rates of 20% to 30%.

41. With respect to Evercore's Equity Research Analyst Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

42. With respect to Evercore's Dividend Discount Model Analysis for Enova, the Registration Statement fails to disclose: (i) the potential dividends used in the analysis; (ii) the terminal values used in the analysis; (iii) the estimated total assets, tangible common equity, and net income used in the analysis; (iv) Evercore's basis for applying a range of price to NTM net income multiples of 4.0x to 8.0x; and (v) the individual inputs and assumptions underlying the range of discount rates from 14% to 18%.

43. With respect to Evercore's Illustrative Price to Tangible Book Value Analysis, the Registration Statement fails to disclose: (i) Evercore's basis for applying a price to TBVPS multiple reference range of 2.50x to 4.50x; and (ii) the number of fully diluted shares of Enova common stock outstanding.

44. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45. Third, the Registration Statement omits material information regarding Evercore's engagement.

46. The Registration Statement fails to disclose the circumstances under which Evercore will be paid the "additional fee in an amount not to exceed $1 million," and whether defendants intend to pay Evercore such fee.

47. The omission of the above-referenced material information renders the Registration Statement false and misleading.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and On Deck

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. On Deck is liable as the issuer of these statements.

51. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

55. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Enova

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. The Individual Defendants and Enova acted as controlling persons of On Deck within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of On Deck and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59. Each of the Individual Defendants and Enova was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

61. Enova also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62. By virtue of the foregoing, the Individual Defendants and Enova violated Section 20(a) of the 1934 Act.

63. As set forth above, the Individual Defendants and Enova had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 1, 2020  **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
  Seth D. Rigrodsky (#3147)
  Brian D. Long (#4347)
  Gina M. Serra (#5387)

**OF COUNSEL:**  300 Delaware Avenue, Suite 210
  Wilmington, DE 19801
**RM LAW, P.C.**  Telephone: (302) 295-5310
Richard A. Maniskas  Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300  Email: sdr@rl-legal.com
Berwyn, PA 19312  Email: bdl@rl-legal.com
Telephone: (484) 324-6800  Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com  *Attorneys for Plaintiff*